# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES HENRY RODRIGUEZ,<br><br>    Petitioner,<br><br>    v.<br><br>CHRISTOPHER LEWIS,<br><br>    Respondent. | Case No.  1:15-cv-00885-SAB-HC<br><br>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS<br><br>ORDER DENYING MOTION TO APPOINT AS COUNSEL AS MOOT (ECF No. 1) |

On June 11, 2015, Petitioner filed the instant petition for writ of habeas corpus. Petitioner has consented to the jurisdiction of the Magistrate Judge pursuant to 28 U.S.C. § 636(c).

## I.

## DISCUSSION

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief."  Rule 4 of the Rules Governing Section 2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990).  A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ." 28 U.S.C. § 2254(a).

A habeas corpus petition is the correct method for a prisoner to challenge the "legality or

duration" of his confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (quoting Preiser v. Rodriguez, 411 U.S. 475, 485 (1973)); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.  In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that confinement. McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991); Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574; Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

### A. Conditions of Confinement

In this case, Petitioner is not challenging a conviction. Petitioner argues that he was assaulted by correctional officers and that they used excessive force on him. (Pet., ECF No. 1). The claims that Petitioner's rights were violated by the officers using excessive force are challenges to the conditions of Petitioner's confinement, not the fact or duration of that confinement. Thus, Petitioner is not entitled to habeas corpus relief on his claims that are conditions of confinement. Should Petitioner wish to pursue these claims, Petitioner must do so by way of a civil rights complaint pursuant to 42 U.S.C. § 1983. The Court does not express an opinion as to the merits of such a civil rights complaint.

A habeas petition may be construed as a Section 1983 civil rights complaint. Wilwording v. Swenson, 404 U.S. 249, 251 (1971). However, the fee is now $400 ($350.00 filing fee plus $50.00 administrative fee) for civil rights cases, and under the Prisoner Litigation Reform Act, the prisoner is required to pay it by way of deductions from income to the prisoner's trust account, even if granted *in forma pauperis* status. See 28 U.S.C. § 1915(b)(1). Also, a civil rights complaint which is dismissed as malicious, frivolous, or for failure to state a claim would count as a "strike" under 28 U.S.C. § 1915(g), which is not true for habeas cases. Therefore, the Court will not construe the petition as a Section 1983 civil rights complaint, but will dismiss the claims without prejudice. The Clerk of Court shall send Petitioner a blank civil rights complaint form along with a copy of this Order.

### B. Abstention

Petitioner has pending charges in state court for this incident involving Officers Lewis and Lopez. (ECF No. 1 at 2). To the extent that Petitioner is challenging the pending state court

proceedings, the Court will abstain from hearing these claims at this time. Under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief except under special circumstances. See Younger v. Harris, 401 U.S. 37, 43-54 (1971). Younger abstention is required when: (1) state proceedings, judicial in nature, are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional issue. Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982); Dubinka v. Judges of the Superior Court, 23 F.3d 218, 223 (9th Cir. 1994).

All three of the Younger criteria are satisfied here. First, Petitioner's case in California state court is "ongoing" in that petitioner was pending trial on these charges at the time he filed the petition and it appears that Petitioner is still pending trial on these charges. See Columbia Basin Apartment Ass'n v. City of Pasco, 268 F.3d 791, 801 (9th Cir. 2001) (holding that the state court proceedings are deemed ongoing under the first prong of the Younger test if the state court suit was pending at the time of the federal suit's filing). Second, the state has an important interest in passing upon and correcting violations of a defendant's rights. See Koerner v. Grigas, 328 F.3d 1039, 1046 (9th Cir. 2003). Third, petitioner has an adequate state forum in which to pursue his claim, even if the state court of appeal affirms his conviction. See Penzoil Co. v. Texaco, 481 U.S. 1, 15 (1987) (holding that federal courts should assume that state procedures will afford an adequate opportunity for consideration of constitutional claims "in the absence of unambiguous authority to the contrary").

Therefore, the Younger requirements are satisfied in the present case, and abstention is required unless extraordinary circumstances exist, such as bad faith, harassment, or irreparable harm if the court abstains. See Colorado River Water Conservation Dist. V. United States, 424 U.S. 800, 817 n.22 (1976); Middlesex County Ethics Comm., 457 U.S. at 437. Petitioner has not made any showing of extraordinary circumstances indicating that he will suffer irreparable harm if the court abstains until after he has completed his direct appeal. See Younger, 401 U.S. at 45-46; Drury v. Cox, 457 F.2d 764, 764-65 (9th Cir. 1972). Nor do Petitioner's claims fall within the narrow exception to the Younger doctrine; namely Petitioner makes no claim that federal

habeas review is necessary to prevent a violation of the Double Jeopardy Clause or to enforce his right to a speedy trial.  See Mannes v. Gillespie, 967 F.2d 1310, 1312 (9th Cir. 1992). Accordingly, the Court should abstain from interfering with the state judicial process.  Therefore, to the extent that Petitioner raises claims challenging the ongoing criminal proceedings, these claims must be dismissed.  Therefore, as all of Petitioner's claims must be dismissed, the petition must be dismissed.[1]

### C. Motion for Appointment of Counsel

To the extent that Petitioner made a motion for counsel, that motion is denied as moot.

### D. Certificate of Appealability

A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003).  The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a)  In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b)  There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)  (1)  Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
>   (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
>   (B) the final order in a proceeding under section 2255.
>
>  (2)  A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
>  (3)  The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

---

[1] As it does not appear possible that the deficiencies identified herein can be cured by amending the complaint, Petitioner is not entitled to leave to amend prior to dismissal of the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 327; Slack v. McDaniel, 529 U.S. 473, 484 (2000). While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 537 U.S. at 338.

In the present case, the Court finds that reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Petitioner has not made the required substantial showing of the denial of a constitutional right. Accordingly, the Court hereby DECLINES to issue a certificate of appealability.

## II.

## ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. The petition for writ of habeas corpus is DISMISSED without prejudice;
2. The Court DECLINES to issue a certificate of appealability;
3. Petitioner's motion to appoint counsel is DENIED as moot; and
4. The Clerk of Court is DIRECTED to send Petitioner a blank civil rights complaint form and close the case.

IT IS SO ORDERED.

Dated: **June 22, 2015**

UNITED STATES MAGISTRATE JUDGE